# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:12cr44

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| ROY THOMAS HILL, JR. ) | |
| ) | |

**THIS MATTER** is before the Court on the Government's Motion for Preliminary Order of Forfeiture [Doc. 16], filed on September 6, 2012.

## I. PROCEDURAL BACKGROUND

On May 30, 2012, the Defendant was charged in a Bill of Information with one count of conspiracy commit offenses against the United States including violations of 18 U.S.C. § 471 (making counterfeit obligations or securities) and 18 U.S.C. § 472 (uttering counterfeit obligations or securities), all in violation of 18 U.S.C. § 371. [Doc. 1]. The Bill of Information included a Notice of Forfeiture, advising that the Government intended to seek forfeiture of all property involved in the violations alleged in the Bill of Information, used to or intended to be used to facilitate the charged violation, all proceeds thereof, and any substitute property, including $6,000.00 in

counterfeit federal reserve notes and one multi-function scanner and printer seized during the course of the investigation of the violations set forth in the Bill of Information. [Id. at 3].

On May 30, 2012, the parties filed a Plea Agreement in which the Defendant agreed to enter a voluntary plea of guilty to Count One as set forth in the Bill of Information and further agreed to forfeit his interest in the above-referenced property. [Doc. 3 at 3].[1] The Court accepted the Defendant's guilty plea on June 6, 2012. [Doc. 165].

The Government moved for the entry of a preliminary order of forfeiture on July 12, 2012. [Doc. 14]. The Court denied this Motion without prejudice on August 2, 2012, on the basis that the Government had not proffered any stipulation of facts, beyond the Defendant's agreement to forfeit his interest therein, to support the proposed forfeiture of the subject property. [Doc. 15].

On September 6, 2012, the Government renewed its Motion for Preliminary Forfeiture. [Doc. 16]. The Defendant has not filed any opposition to the Government's Motion.

---

[1]An Amended Plea Agreement was filed on June 6, 2012, correcting a minor clerical error. [Doc. 10].

## II. ANALYSIS

Before entering a preliminary order of forfeiture, the Court must determine whether the "requisite nexus" exists between the property to be seized and the offense of conviction. Fed. R. Crim. P. 32.2(b)(1)(A). The Government bears the burden of proving nexus by a preponderance of the evidence. See United States v. McHan, 345 F.3d 262, 268 (4th Cir. 2003).

In support of its renewed Motion, the Government presents the Affidavit of John Reynolds, a special agent with the United States Secret Service and the chief investigator in the above-captioned case. Special Agent Reynolds states in his Affidavit that the "one multi function scanner and printer" referenced in the Notice of Forfeiture and in the Overt Acts section of the Bill of Information was seized from the Defendant during the investigation of this case, and that it was used by the Defendant or his associates to produce counterfeit United States Currency. [Affidavit of John Reynolds ("Reynolds Aff."), Doc. 16-1]. Further Special Agent Reynolds states that during the investigation of this case, the "approximately $6,000.00 in counterfeit federal reserve notes" that were noticed for forfeiture in the Bill of Information was seized from various victim businesses of the counterfeiting scheme of the Defendant and his associates. Special Agent Reynolds states that these

counterfeit notes were produced by the Defendant and others by means of the scanner and printer referenced above and were intended to be circulated in commerce. [Id.].

Based upon Special Agent Reynold's Affidavit, the Court finds that the $6,000.00 in counterfeit federal reserve notes seized during the course of the above-referenced investigation are "counterfeits of coins or obligations or other securities of the United States" and that the multi-function scanner and printer referenced above was "used or fitted or intended to be used [ ] in the making such counterfeits" within the meaning of 18 U.S.C. § 492. As such, the Court concludes that the Government has established the requisite nexus between such property and the Defendant's violations, and that this property is subject to forfeiture pursuant to 18 U.S.C. § 982, 18 U.S.C. § 492, and 28 U.S.C. § 2461(c).

## III. CONCLUSION

Accordingly, **IT IS, THEREFORE, ORDERED:**

1. The Government's Motion for Preliminary Order of Forfeiture [Doc. 16] is **GRANTED**, and the following property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

- **Approximately $6,000.00 in counterfeit federal reserve notes; and**

- **One multi-function scanner and printer.**

2. The Attorney General (or a designee) is authorized to seize the forfeited property subject to forfeiture; to conduct any discovery proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights. Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall post on an official government internet site (www.forfeiture.gov), for at least thirty (30) consecutive days, notice of this Order and of its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide direct written notice of this forfeiture to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in an ancillary proceeding.

4. Any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the

validity of the petitioner's alleged interest in the property, and for an amendment of the Order of Forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. §§ 853(n)(2) and (3).

5. After the disposition of any motion filed under Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents, and to issue subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure.

7. This Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the Judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

8. Upon adjudication of third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

9. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

**IT IS SO ORDERED.**

Signed: September 22, 2012

Martin Reidinger
United States District Judge